[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Ruling Re Motion to Dismiss and to Quash Execution
The defendant James Jackson moves for a dismissal of this action on the grounds that the Notice to Quit is defective and that the plaintiff has failed to comply with federal notice requirements.
This defendant initially appeared pro se and filed an answer and special defense. At the contested summary process hearing date, the defendant failed to appear for trial and was defaulted. He filed a Motion to Open Default, which was denied by the court. Counsel appeared on behalf of the defendant and filed a Motion to Set Aside Default and Request to Reconsider and to Reargue Motion to Reopen. Before action was taken on the aforesaid Motion the defendant, through counsel, filed this Motion to Dismiss and Quash Execution. The parties agreed that this Motion should be addressed first since it raises an issue of subject matter jurisdiction.
The defendant first argues that the Notice to Quit is defective because it does not comply with 24 C.F.R. § 881.607 or § 4350.3 of the HUD Handbook. Specifically, the defendant disputes the validity of the following language appearing in the Notice to Quit: "You have ten (10) calendar days within which to respond to the agent for the owner, Housing Authority of the Town of East Hartford, 546 Burnside Avenue, East Hartford, CT 06108 (203) 290-8301."
C.F.R. § 881.607(c) contains the applicable requirements for termination of tenancy: CT Page 11200
 (1) The owner must give the family a written notice of any proposed termination of tenancy, stating the grounds and that the tenancy is terminated on a specified date and advising the family that it has an opportunity to respond to the owner.
The applicable section of the HUD handbook reads:
 a. The owner's notice must:. . . 4) advise the tenant that he/she has 10 days within which to discuss the proposed termination of tenancy with the owner.
The court finds that the language used by the plaintiff in its Notice to Quit is sufficiently similar to the above language. In fact, the words "to respond" send a clearer message than the less specific word "discuss." The Notice to Quit complies with the federal requirements in this regard See Jefferson GardenAssociates v. Greene, 202 Conn. 128, 145 (1987) ("When good cause for termination of a lease has clearly been shown, and when notices of termination have been sent in strict compliance with statutory timetables, a landlord should not be precluded from pursuing summary eviction proceedings because of hyper technical dissection of the wording of notices that he has sent.")
The defendant also argues that the court lacks subject matter jurisdiction because the lease does not comply with42 U.S.C. § 1437d(1)[1]. However, as noted by the plaintiff, and as stipulated by the parties, 24 C.F.R. § 881.101 applies to this Section 8 tenancy. The statutory authority underlying that federal regulation does not include 42 U.S.C. § 1437d(1). Accordingly, those statutory requirements do not apply to this Section 8 tenancy. East Hartford Housing Authority v. Waterman, Doc. No. SPH 9404-75292, H-1027 (6/20/94) (Holzberg, J.).
The defendant argues in the alternative that even if42 U.S.C. § 1437d(1) does not generally apply to this type of tenancy, by using its generic public housing lease in this case the plaintiff has obligated itself to the mandates of this statute. In support of this proposition he cites WynwoodAssociates v. Steele, Doc. No. SPH 8401-21933, H-552 (6/6/84)(Aronson, J.). That case is not on point since there the lease actually contained notice provisions no longer required under the law. Because those provisions were expressly in the lease, the plaintiff was obligated to comply. Here, there is no provision in the lease setting forth the fourteen day requirement CT Page 11201 for termination. Accordingly, this argument must fail.
For the above reasons the defendant's Motion to Dismiss is denied. The clerk is ordered to schedule the remaining pending motions for an immediate hearing.
Alexandra Davis DiPentima, Judge